1  **ROCKARD J. DELGADILLO**, City Attorney (State Bar #125465x)
   **MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
2  **CORY M. BRENTE**, Assistant City Attorney
   **SUREKHA A. PESSIS**, Deputy City Attorney (State Bar #193206)
3  600 City Hall East
   200 North Main Street
4  Los Angeles, California  90012-4129
   Telephone:  (213) 978-7036  Facsimile: (213) 978-8785
5  Email: *Surekha.Pessis@lacity.org*

6  Attorneys for Defendants, **CITY OF LOS ANGELES, WILLIAM BRATTON,**
   **JASON CURTIS, RICKY DAVIS, ELLIOT M. KING and RAYMOND YGUAL**
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MICHAEL METZGER, an individual,          )   **CASE NO. CV 08-02584 SVW(MANx)**
                                             )
12                                           )
                       Plaintiff,            )
13                                           )   **STIPULATION AND [PROPOSED]**
            vs.                              )   **PROTECTIVE ORDER**
14                                           )
15  CITY OF LOS ANGELES, a local             )
    public entity, CHIEF WILLIAM             )
16  BRATTON, OFFICERS KING,                  )   ***NOTE: CHANGES MADE BY THE COURT***
    DAVIS, CURTIS AND YGUAL                  )   ***      TO PARAGRAPH 8***
17  and DOES 1-10,                           )
                                             )
18                     Defendants.           )
                                             )
19  _____ )

20

21          Whereas Plaintiff has propounded a request for production of documents upon

22  Defendants pertaining to official and confidential information, contained in documents

23  maintained by the Los Angeles Police Department, and whereas the parties having met

24  and conferred, and stipulated to the following terms and conditions, the Court hereby

25  orders as follows:

26          1.      Defendants may designate as confidential any document or writing that

27  they, in good faith, believe contains information of a privileged, confidential, private or

28  sensitive nature, by affixing to such document or writing a legend, such as "Confidential."

                                              1

1   "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words
2   of similar effect.   Documents and writings so designated, and all information derived
3   therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be
4   treated in accordance with the terms of this stipulation and protective order.

5         2.   If Plaintiff's counsel believes that any document, writing or information
6   that has been designated by Defendants as Confidential (or an equivalent
7   designation) does not warrant that designation Plaintiff's counsel will advise Defendants'
8   counsel.   The parties will attempt in good faith to resolve the question of whether the
9   designation is warranted.   If the parties are unable to resolve the matter informally, the
10   disagreement will be resolved by the Magistrate Judge (or District Judge, if appropriate).
11   Notwithstanding Plaintiff's counsel belief that a document, writing or information that has
12   been designated by Defendants as Confidential (or an equivalent designation) does not
13   warrant that designation, Plaintiff's counsel will continue to treat it as such in accordance
14   with the terms of this Protective Order unless and until the parties agree otherwise or the
15   Court orders otherwise.

16         3.   Confidential Information may be used by the persons receiving such
17   information only for the purpose of this litigation.

18         4.   Subject to the further conditions imposed by this stipulation, Confidential
19   Information may be disclosed only to the following persons:

20         (a)   Counsel for the parties, parties, and to experts, investigators,
21   paralegal assistants, office clerks, secretaries and other such personnel working under their
22   supervision, and the following categories of people during the course of their depositions,
23   subject to the terms of Paragraph 11 of this Stipulation and protective order: LAPD
24   personnel

25         (b)   Such other parties as may be agreed by written stipulation among
26   the parties hereto, or by Court order.
27   ///
28   ///

2

5.      Prior to the disclosure of any Confidential Information to any person described in paragraph 4(a) or 4(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/_____"

6.      Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendant City of Los Angeles through the City Attorney's Office.  All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

7.      If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants.  However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

8. ~~Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal.~~ If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or described its contents in any specific way, and does not include the protected document itself, then the party or parties need not file it under seal. *This Stipulation and Protective Order creates no entitlement to file under seal information and documents designated as confidential by the Parties.  Local Civil Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from this District Court to file documents under seal.*

9. The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings.  To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

10. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

11. During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 4(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order.  Any documents deemed confidential pursuant to this

4

protective order will be sealed, if they are used as exhibits in any deposition.   This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

12.    This Protective Order survives settlement, trial and/or appeal.

13.    This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document.  Defendants will lodge this executed Stipulation with the Court for approval.

***IT IS SO STIPULATED:***

Dated:  June 4, 2008          **ROCKARD J. DELGADILLO**, City Attorney
                              **MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
                              **CORY M. BRENTE**, Assistant City Attorney


By _____/s/_____
    **SUREKHA A. PESSIS,** Deputy City Attorney
    *Attorneys for Defendants*, **CITY OF LOS ANGELES, WILLIAM BRATTON, JASON CURTIS, RICKY DAVIS, ELLIOT M. KING and RAYMOND YGUAL**

Dated: June 4, 2008          **LAW OFFICES OF JOHN RAPLHING**


By:_____/s/_____
    **JOHN RAPHLING**
    Attorneys for Plaintiff MICHAEL METZGER


***IT HEREBY IS SO ORDERED:***

Dated: August 7, 2008          _____/s/_____
                              Hon. Margaret A. Nagle
                              United States Magistrate Judge